IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN E. DANIEL                                                                                           PLAINTIFF

v.                               Civil No. 06-4046

H.L. PHILLIPS, Sheriff,
Miller County, Arkansas;
RICKY HUNTER, Ex-Warden;
SGT. RENE WRIGHT;
MIKE GRIFFIN, Warden; and
NURSE TERRY PORTER                                                                                    DEFENDANTS

**ORDER**

On December 29, 2006, a show cause order was entered (Doc. 13) based on the failure of Sheriff H.L. Phillips, Mike Griffin, Rene Wright, and Ricky Hunter to respond to the complaint. On January 2, 2007, these defendants filed a response to the show cause order (Doc. 14) and a motion to file an answer out of time (Doc. 15).

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the court may enlarge the time provided by the rules to, among other things, answer a complaint. If the time provided in the applicable rule, here the 20 days set forth in Rule 12(a)(1)(A) of the Federal of Civil Procedure, has expired, the court may extend the time allowed "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). In other words, the court has the authority to allow late filings when the moving party demonstrates excusable neglect.

In the motion to file an answer out of time, counsel for defendants indicate the defendants were served and as a result of administrative oversight failed to notify legal counsel that they had been served with the summons. By the time the error was discovered and the complaint sent to counsel, the time to answer had expired.

-1-

The excusable neglect standard was discussed in the case of *Welch & Forbes, Inc. v. Cendant Corp.*(*In re Cendant Corp. Prides Litigation*), 233 F.3d 188, 196 (3d Cir. 2000). The court said:

> In *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that the rule authorizing courts to accept late filings where the failure of a party to act is the result of "excusable neglect" contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control. At the outset, the Supreme Court pronounced that the inquiry is essentially equitable, and necessitates considering a situation's totality:
>
>> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Welch*, 233 F.3d at 196 (*quoting Pioneer*, 507 U.S. at 395).

The court is afforded great leeway in granting or refusing enlargements of time under Rule 6. *See e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994). We believe defendants have demonstrated excusable neglect. Accordingly, the motion to file an answer out of time (Doc. 15) is granted. Defendants are given until **January 22, 2007,** to file their answer.

IT IS SO ORDERED this 4th day of January 2007.

/s/ Harry F. Barnes
HON. HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)